-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS, 93-A-7902,

    Plaintiff,

    -v-                         **DECISION and ORDER**
                                             98-CV-0675S(H)

GLENN S. GOORD, et al.,

    Defendants.

---

    Judgment in this matter was entered on January 20, 1999 pursuant to an Order of the Court dismissing all of plaintiff's claims. (Docket Nos. 6 and 7). Three years later, in June, 2002, plaintiff filed a motion seeking to vacate, alter or amend the judgment (Docket No. 10). The motion to vacate was denied. (Docket No. 12). Plaintiff's appeal from the judgment was dismissed by the United States Court of Appeals for the Second Circuit on January 14, 2003. (Docket No. 14).

    Presently before the Court is yet another motion by the plaintiff, this one seeking to have the Court reconsider and set aside the final orders and judgments in this action "and related actions," to consolidate said "related actions," to revisit "the rights of plaintiff and actions previously dismissed," to grant declaratory and injunctive relief and summary judgment, and to impose sanctions. (Docket No. 15).

    The Court considers plaintiff's submission to be a motion under Fed. R. Civ. P. 60(b), which provides relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time.

Plaintiff's motion fails to provide any relevant information which would lead this Court to reconsider the order dismissing plaintiff's claims. The motion can only be described as incoherent and nonsensical, the extensive supporting affirmation consisting of little more than a string of incantation-like citations to pleadings and orders that were filed in some of the many other frivolous lawsuits the petitioner has initiated in the federal courts in New York over the years. In short, the instant motion is entirely in keeping with what the Second Circuit has termed the petitioner's "uncontrollable propensity to pursue vexatious and harassing litigation," *Adams v. Selsky*, 03-0023, Mandate (2d Cir. Apr. 12, 2004) (citations omitted), and illustrates why this Court imposed upon petitioner the sanctions enumerated in its Decisions and Orders of April 5 and June 13, 2005 in another of the many cases he has filed in the Western District. (*See Adams v. West*, 04-CV0844S, Docket Nos. 9 and 12). Accordingly, the petitioner's motion for reconsideration is denied.

SO ORDERED.

Dated: \_\_\_\_9/15\_\_\_\_, 2005
Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge